## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| REBECCA RACZ, on behalf of herself and others similarly situated,<br>Plaintiff,<br><br>v.<br><br>SOLOMON AND SOLOMON, P.C., and JULIE B. SOLOMON,<br>Defendants, | Civil Action No. |

## COMPLAINT AND JURY DEMAND

Plaintiff Rebecca Racz brings suit for damages and injunctive relief due to Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").and M.G.L. c. 93A, § 2, in attempting to collect an alleged consumer debt.

### Parties

1. Plaintiff Rebecca Racz is an individual who resides in Shelburne Falls, Franklin County, Massachusetts.

2. Defendant Solomon and Solomon, P.C., is a professional corporation organized under the laws of the State of New York with a principal place of business at 1 Columbia Circle, Albany, New York.

3. Defendant Julie B. Solomon is an individual who maintains a principal place of business at 1 Columbia Circle, Albany, New York.

### Statement of Facts

4. At all times relevant to this complaint each Defendant was a "debt collector" under the Fair Debt

1

Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692a and the Massachusetts Debt Collection Practices Act, M.G.L. c. 93, § 24, because each regularly collected and attempted to collect, directly or indirectly, consumer debts due or owed or asserted to be due or owed to another. As used in this complaint, the term "consumer debt" means a financial obligation incurred primarily for personal, household, or family purposes.

5. On February 13, 2015, the Natick District Court entered a Small Claims judgment against Plaintiff and in favor of CACH, LLC.

6. The Small Claims judgment was based on a consumer debt allegedly owed by Plaintiff to CACH, LLC.

7. Defendants were engaged by CACH, LLC to collect the judgment and filed an appearance for CACH in the Small Claims case.

8. On or about November 15, 2019, Defendants issued a document subpoena in connection with the Small Claims case and caused said subpoena to be served on Plaintiff's employer. The subpoena sought information regarding Plaintiff's employment and income for the purpose of obtaining a payment order from the Natick District Court at a hearing scheduled for January 8, 2020.

9. The Uniform Small Claims Rules do not permit the issuance or service of a subpoena for the purpose of enforcing a judgment. Moreover, the Rules specifically prohibit a party from conducting any discovery absent court order. The subpoena issued and served by Defendants was not authorized by the Natick District Court.

10. Plaintiff's employer informed her of the subpoena and showed it to her. Immediately, Plaintiff became embarrassed, anxious, and confused, causing her to experience heart palpitations,

headaches, and stomach distress. In addition, Plaintiff's privacy and peace of mind were violated, and she became concerned about keeping her job.

11. Plaintiff spent time and effort contacting and conferring with legal counsel in order to understand her rights and options. Plaintiff retained counsel and incurred legal fees.

12. Plaintiff's counsel contacted Defendants. Counsel informed Defendants of Plaintiff's position that the issuance and service of the document subpoena were unlawful.

13. Defendants notified Plaintiff's employer to "disregard" the subpoena.

14. Despite Defendants' notification to Plaintiff's employer, Plaintiff continued to feel violated and continued to suffer embarrassment and anxiety due to Defendants' actions.

## Class Allegations

15. Plaintiff brings this action on behalf of herself and classes of other persons similarly situated. The classes consist of all Massachusetts residents who were defendants in Massachusetts small claim actions based on a consumer debt and who, on or after the date which was one year prior to the filing of this action (Count I) and on or after the date which was four years prior to the filing of this action (Count II), were the subject of any document subpoena served by Defendants in said actions that had not been court-authorized. Excluded from the class are all past and present employees, agents, officers, and directors of Defendants, and persons who have released Defendants from liability. On information and belief, there are at least fifty class members, making joinder impracticable.

16. There are questions of law and fact common to the class, which common issues predominate over any issues peculiar to individual class members. The principal common issues are: (a) whether Defendants are debt collectors under the FDCPA and Massachusetts law; (b) whether Defendants are engaged in trade or commerce in Massachusetts; (c) whether

Defendants' conduct violated the FDCPA and/or Chapter 93A as alleged; and (d) whether Defendants' violations of Chapter 93A were knowing or willful in nature. The only individual questions involve the specific amounts of damages to be awarded to each class member, which can be addressed administratively and/or through mini-trials or hearings.

17. Plaintiff's claim is typical of the claims of class members. All claims are based on the same legal theory, and all arise from the same course of conduct.

18. Plaintiff will fairly and adequately protect the interests of all class members. Plaintiff is committed to a vigorous and successful prosecution of this action, is familiar with the legal and factual issues involved, and has retained counsel experienced in the litigation of consumer rights cases, including consumer class actions. Neither Plaintiff nor counsel have any interest or conflict that might cause them to not vigorously pursue this action.

19. A class action is superior to other available methods for the fair and efficient adjudication of this controversy, since: (a) the financial losses suffered by most class members are such that it would be economically unfeasible for them to individually litigate their claims; (b) the factual and legal issues common to all class members far outweigh any individual questions; (c) the prosecution of separate lawsuits by individual class members would entail the risk of inconsistent and conflicting adjudications; and (d) there will be no unusual or extraordinary management difficulties in administering this case as a class action.

### COUNT I: Violations of the FDCPA

20. Plaintiff repeats and incorporates herein all preceding allegations.

21. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) because she is an individual and was alleged to owe a consumer debt.

22. Defendants violated the following provisions of the FDCPA: (i) § 1692c(b), by unlawfully

4

communicating with a third party regarding Plaintiff and the debt; (ii) § 1692e(5), by threatening to and taking actions that could not legally be taken; (iii) § 1692e(10), by using deceptive means to attempt to collect a debt and to obtain information regarding Plaintiff; and (iv) § 1692f, by using unfair means to attempt to collect a debt.

23. As direct and proximate results of Defendants' violations of the FDCPA, Plaintiff suffered harm as alleged herein.

WHEREFORE, Plaintiff prays that this Honorable Court enter judgment against Defendants, jointly and severally:

(a) Awarding her actual damages;

(b) Awarding her statutory damages;

(c) Awarding interest, costs, and reasonable attorney's fees;

(d) Awarding such further relief as shall be just and proper.

## COUNT II: Violations of M.G.L. c. 93A

24. Plaintiff repeats and incorporates herein all preceding allegations.

25. At all relevant times, Defendants were engaged in trade or commerce in Massachusetts.

26. The above-described misconduct of Defendants constituted unfair and/or deceptive acts and practices in violation of M.G.L. c. 93A, § 2.

27. The above-described violations of the FDCPA constituted *per se* violations of M.G.L. c. 93A, § 2.

28. Defendants' violations of M.G.L. c. 93A, § 2, were knowing or willful in nature.

29. As a result of Defendants' violations of M.G.L. c. 93A, § 2. Plaintiff suffered harm as alleged herein.

30. Plaintiff is entitled to assert this claim without serving a pre-suit demand letter pursuant to

M.G.L. c. 93A, § 9, since neither Defendant has assets or maintains a place of business in Massachusetts.

WHEREFORE, Plaintiff prays that this Honorable Court enter judgment against Defendants, jointly and severally:

(a) Awarding her actual damages or $25.00, whichever is greater;

(b) Doubling or trebling all actual damages awarded;

(c) Enjoining Defendants from continuing to engage in the unlawful conduct complained of;

(d) Awarding interest, costs, and reasonable attorney's fees;

(e) Awarding such further relief as shall be just and proper.

**TRIAL BY JURY IS DEMANDED**

**REBECCA RACZ, Plaintiff**

By her attorney:

*/s/ Kenneth D. Quat*
Kenneth D. Quat (BBO #408640)
QUAT LAW OFFICES
929 Worcester Rd.
Framingham MA 01701
508-872-1261
ken@quatlaw.com